# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PREMIER INDUSTRIES, INC. AND POOLE DEVELOPMENT, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7778 C/W 09-7779** |
| **ARCH SPECIALTY INSURANCE COMPANY AND HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs, Premier Industries, Inc., and Poole Development, L.L.C. (Doc. #8) is **GRANTED**.

Plaintiffs, Premier Industries, Inc. and Poole Development, L.L.C., filed two lawsuits in Louisiana state courts against defendants, Arch Specialty Insurance Company ("Arch") and Hartford Steam Boiler Inspection and Insurance Company ("Hartford") seeking payment under insurance policies for damage caused by Hurricane Gustav and/or Hurricane Ike. Plaintiffs allege that their property damage includes the breakdown of an electrical distribution system in a shop located at 3450 Peters Road, Harvey, Louisiana. Plaintiffs contend that the shop only has three walls, that

hurricane winds blew sand through the open side of the building, and that the wet sand entered the electrical distribution panel causing it to break.

Arch and Hartford were both served with one of plaintiffs' suits on December 4, 2009, and with the other on December 9, 2009. On December 22, 2009, Arch removed both of plaintiffs' suits to the United States District Court for the Eastern District of Louisiana. In its notices of removal, Arch stated that Hartford's counsel was notified of, and consented to, the removals. On January 21, 2010, plaintiffs filed a motion to remand arguing that the suits should be remanded due to Hartford's failure to timely file its consent to the removal. Arch argues that the statement in its notices of removal regarding Hartford's consent is sufficient, and that Hartford's consent is unnecessary because Hartford is improperly joined.

**ANALYSIS**

1. **Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied,114 S.Ct. 192 (1993). Consent need not be obtained from a co-defendant that the removing party contends is improperly joined. Rico v. Flores, 481 F.3d 234, 238 (5th Cir.2007).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that

removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir.2000).

**2.     Hartford's Consent to Removal**

Pursuant to 28 U.S.C. § 1446(a):

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

The statute requires that all properly joined defendants that have been served at the time of removal join in the removal petition. Getty Oil Corp. v. Ins. Co. of N. America, 841 F.2d 1254, 1262 n. 9 (5th Cir. 1988) (citing Fontenot v. Global Marine, Inc., 703 F.2d 867, 870 n.3 (5th Cir. 1983); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325, 326 (5th Cir. 1970)). Each defendant that was served at the time of removal must join in the removal no later than thirty days from the date on which the first defendant was served. Id. at 1263. Further, each served defendant, or some person with authority to formally act on the defendant's behalf, must timely file a written indication of the defendant's consent to removal. Id. at p. 1262 n. 10. If someone is acting on the defendant's behalf in consenting to removal, that person must allege that the defendant has authorized that person to formally represent to the court that the defendant has consented to removal. Id.

Here, Hartford did not timely file its own consent to removal. Hartford filed its consent on January 22, 2010, more than thirty days after the first defendant was served in each action on December 4, 2009 and December 9, 2009. In its notices of removal, Arch included an allegation that "James Ryan, counsel for defendant Hartford Steam Boiler Inspection and Insurance Company has been consulted. Hartford Steam Boiler Inspection and Insurance Company has consented to this removal." This statement does not allege that Hartford authorized Arch to formally represent to the court that it consented to the removal. Therefore, Hartford did not timely join in the removal petition.

**3.    Improper Joinder**

Arch claims that the Hartford's consent to removal is unnecessary because Hartford is improperly joined.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the allegedly improperly joined party in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir.2004) (*en banc*). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

\*    \*    \*

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the

4

> complaint states a claim under state law against the in-state defendants ... [but if] ... a plaintiff ... has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id. Although improper joiner usually arises in the context of diversity jurisdiction, the same principles apply when considering whether a defendant's consent to removal is required. See Getty, 841 F.2d at 1262 n. 9.

Arch contends that Hartford is improperly joined because Hartford's policy does not cover plaintiffs' alleged damage. The Hartford policy at issue provides coverage for equipment breakdown caused by an accident which is defined as "a fortuitous event that causes direct physical damage to 'covered equipment.'"[1] Further the "event" must be either:

> (1) Mechanical breakdown, including rupture or bursting caused by centrifugal force;
>
> (2) Artificially generated electrical current, including electrical arcing, that damages electrical devices, appliances or wires;
>
> (3) Explosion, other than combustion explosion, of steam boilers, steam piping, steam engines or steam turbines;
>
> (4) An event inside steam boilers, steam pipes, steam engines or steam turbines that damages such equipment;

---

[1] "Covered Equipment" is defined as:

> (a) Equipment that generates, transmits or utilizes energy, including electronic communications and data processing equipment; or
>
> (b) Equipment which, during normal usage, operates under vacuum or pressure, other than the weight of its contents.

5

> (5) An event inside hot water boilers or other water heating equipment that damages such equipment; or
>
> (6) Bursting, cracking or splitting.

Arch argues that plaintiffs' alleged hurricane damage does not fit the definition of a covered accident.

However, as plaintiffs point out, the policy also provides that "accidents" caused by windstorms or hail are covered when "(1) 'covered equipment' located within a building or structure suffers an 'accident' that results from wind-blown rain, snow, sand or dust; and (2) the building or structure did not first sustain wind or hail damage to its roof or walls through which the rain, snow, sand, or dust entered." Plaintiffs allege that an electrical distribution system, located in a building that only has three walls, suffered a mechanical breakdown because the hurricane winds blew sand into the system. Plaintiffs' alleged damage may be covered by the Hartford policy. Therefore, Hartford is properly joined.

## CONCLUSION

Because Hartford is properly joined, it was required to timely consent to removal. Hartford did not timely file its own consent to removal. Therefore,

**IT IS HEREBY ORDERED** that the Motion to Remand filed by plaintiffs, Premier Industries, Inc., and Poole Development, L.L.C. (Doc. #8) is **GRANTED**.

New Orleans, Louisiana, this 8th day of March, 2010.

 **MARY ANN VIAL LEMMON**
 **UNITED STATES DISTRICT JUDGE**